IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT N. SANGER,<br><br>    Petitioner,<br><br> v.<br><br>JAMES A. YATES, Warden,<br><br>    Respondent._____/ | No. C 09-01474 SBA (PR)<br><br>**ORDER GRANTING RESPONDENT'S**<br>**MOTION TO DISMISS; AND DENYING**<br>**CERTIFICATE OF APPEALABILITY**<br><br>(Docket no. 3) |

## INTRODUCTION

Petitioner Robert N. Sanger, a state prisoner incarcerated at Pleasant Valley State Prison, filed the instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the restitution fine imposed by the trial court. Respondent has filed a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d), the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has filed an opposition to the motion. For the reasons discussed below, the Court GRANTS Respondent's motion to dismiss.

## PROCEDURAL BACKGROUND

On May 23, 2001, Petitioner pled guilty to voluntary manslaughter. He was sentenced to twelve years in prison and ordered to pay $10,000 in restitution. He did not file a direct appeal.

On dates not specified by the parties, Petitioner filed three habeas petitions in the San Francisco County Superior Court. The date on which his first petition was denied is unknown. His

second petition was denied June 19, 2007, and his third petition was denied December 17, 2008.

On January 20, 2009, Petitioner filed his first petition for habeas relief in the California Court of Appeal. The court of appeal denied the petition on January 22, 2009. He filed his second habeas petition in the appellate court on February 6, 2009, which was denied on February 13, 2009.

On February 26, 2009, Petitioner filed his petition for habeas relief in the California Supreme Court, which denied his petition on April 1, 2009.

On April 3, 2009, Petitioner filed the present federal habeas petition.

## **DISCUSSION**

The AEDPA, effective as of April 24, 1996, imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Prisoners challenging non-capital state convictions or sentences must file a petition within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented Petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1).

As a threshold matter, once a petitioner is notified that his petition is subject to dismissal based on the AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory and/or equitable principles. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

Where, as here, a petitioner does not seek direct review in the state court of appeals or the state supreme court, the limitation period will begin running the day after the date on which the time to seek such review expires. See id. at 812-13. In California, an appeal from criminal judgment must be filed within sixty days after rendition of judgment. See Cal. Rule of Court 8.308(a) (formerly Cal. Rule of Court 31). In the instant case, judgment was entered on May 23, 2001, and thus, the time for seeking direct review in the California Supreme Court expired on July 22, 2001.

1 As a result, the limitations period commenced on July 23, 2001. As such, Petitioner was required to
2 file his federal habeas petition no later than July 23, 2002. See 28 U.S.C. § 2244(d). Therefore, his
3 federal petition filed on April 3, 2009 -- almost seven years after the limitations period had expired -
4 - is untimely absent either statutory or equitable tolling.

## I.    **Statutory Tolling**

The present petition may be timely if the limitations period was tolled under 28 U.S.C. § 2244(d)(2) for a substantial period of time. AEDPA's one-year limitations period is tolled under § 2244(d)(2) for "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period is also tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 223 (2002). In California, where prisoners generally use the state's original writ system,[1] this means that the limitations period remains tolled during the intervals between a state court's disposition of an original state habeas petition and the filing of the next original state habeas petition in a higher court, provided the prisoner did not delay unreasonably in seeking review in the higher court. See id. at 220-25.

Additionally, a state habeas petition filed after the limitations period has expired will not restart the statute of limitations. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

In the present case, the filing and denial dates of Petitioner's first superior court habeas petition are unknown. Petitioner filed his first state habeas petition in San Francisco County Superior Court sometime after July 22, 2001, when his conviction became final. However, even if

---

[1] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. Nino v. Galaza, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the appellate court. Id. If the appellate court denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. Id. at 1006 n.3.

1  the Court assumed Petitioner filed it on July 23, 2002, the day before the limitations period expired,
2  the superior court would have ruled on his first petition by September 21, 2002 because under
3  California law, a state court must "rule on a petition for writ of habeas corpus within 60 days after
4  the petition is filed." Cal. Rule of Court 4.551(a)(3)(A). As mentioned above, the dates Petitioner
5  filed his second and third superior court habeas petitions are also unknown. However, the record
6  includes the dates these petitions were denied, thus, the Court presumes that the petitions were filed
7  at least sixty days prior to the date of denial. See id. Petitioner must have filed his second superior
8  court habeas petition on or after April 18, 2007, and it was denied on June 19, 2007. He filed a third
9  superior court habeas petition on or after October 16, 2008, and it was denied on December 17,
10 2008. Therefore, even if he is entitled to statutory tolling for the sixty-day period his first superior
11 court habeas petition was pending between July 23, 2002 and September 21, 2002, Petitioner still
12 waited almost five years before filing his second superior court habeas petition in 2007. In addition,
13 Petitioner is not entitled to statutory tolling for the period between the superior court's disposition of
14 his first habeas petition and the filing of his second habeas petition in that court, because there is no
15 gap tolling between successive petitions. See Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir.
16 2003).

17       As the one-year statute of limitations already would have expired in either July, 2002 or
18 September, 2002 (if Petitioner was eligible for statutory tolling during the period his first state
19 superior court habeas could have been pending), his third superior court habeas petition could not
20 revive the limitations period. See Ferguson, 321 F.3d at 823; Jimenez v. Rice, 276 F.3d 478, 482
21 (9th Cir. 2001). The San Francisco County Superior Court clearly found Petitioner's delay
22 unreasonable in its December 17, 2008 Order denying his third habeas petition, stating: "Here
23 petitioner does not justify or explain the seven-year delay in bringing this claim to reduce
24 restitution." (Mot. to Dismiss, Ex. 1 at 3.) Furthermore, Petitioner were not eligible for statutory
25 tolling during the time his state habeas petitions were pending in the state appellate and supreme
26 courts because "[o]nce the limitations period is expired, collateral petitions can no longer serve to
27 avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). This
28 means that the petition is untimely unless Petitioner is entitled to equitable tolling.

4

## II. Equitable Tolling

The Supreme Court has determined that the AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (citation and internal quotation marks omitted)(brackets in original), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). The prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Another statement of the standard is that a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The Ninth Circuit has said that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir.), cert. denied, 531 U.S. 878 (2000)).

The grounds for granting equitable tolling are "highly fact dependant." Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006).

Petitioner alleges in his opposition to the motion to dismiss that the AEDPA one-year limitations period does not apply to his case, stating: "the challenge of the restitution fine was the

5

only issue in this instant matter, and in which the AEDPA rules DO NOT APPLY." (Opp'n at 3 (emphasis in original).) The Court finds his argument unavailing. The statute of limitations imposed by AEDPA applies to every challenge to non-capital state convictions or sentences brought by state prisoners in a habeas petition, including any challenges to restitution. The Court construes Petitioner's argument instead as one for equitable tolling based on a misunderstanding of his legal obligations under AEDPA. However, ignorance of the law does not justify equitable tolling of the limitations period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n.10 (5th Cir. 2000); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar). Therefore, Petitioner has not given any reasons to justify equitable tolling of the limitations period. He alleges no facts from which the Court could infer that his failure to raise his claim prior to the expiration of the limitations period was because of circumstances which were beyond his control and which made it impossible to file a timely federal petition. Thus, the limitations period will not be equitably tolled.

Accordingly, the present petition is untimely, and Respondent's motion to dismiss the petition as untimely (docket no. 3) is GRANTED. The petition is dismissed because it was not timely filed under 28 U.S.C. § 2244(d)(1).

**III.    Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners have been amended to require a district court that dismisses or denies a habeas petition to grant or deny a certificate of appealability (COA) in its ruling. See Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

For the reasons stated above, Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely (docket no. 3) is GRANTED. The Clerk of the Court shall enter judgment in favor of Respondent, terminate as moot all pending motions, and close the file.

6

1  This Order terminates Docket no. 3.

2  IT IS SO ORDERED.

3  DATED: 9/1/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

28  G:\PRO-SE\SBA\HC.09\Sanger1474.grantMTD.wpd

**United States District Court**
For the Northern District of California

1  UNITED STATES DISTRICT COURT
2  FOR THE
3  NORTHERN DISTRICT OF CALIFORNIA

6  ROBERT N. SANGER,                              Case Number: CV09-01474 SBA
7          Plaintiff,                             **CERTIFICATE OF SERVICE**
8     v.
9  JAMES A. YATES et al,
10         Defendant.
                                            /

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Neal Sanger T-18274
Pleasant Valley State Prison
P.O. Box 8504
Coalinga, CA 93210

Dated: September 2, 2010

                                       Richard W. Wieking, Clerk
                                       By: LISA R CLARK, Deputy Clerk

28 G:\PRO-SE\SBA\HC.09\Sanger1474.grantMTD.wpd

8